IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

JABAR R. SMITH,

      Defendant.

ORDER

08-cv-440-bbc
05-cr-22-jcs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Defendant Jabar R. Smith has filed a timely motion for postconviction relief under 28 U.S.C. § 2255.  He raises only one issue:  he was denied the effective assistance of counsel when his court-appointed counsel failed to challenge the probation office's recommendation to enhance his sentence by two levels for possessing a firearm in relation to a drug offense.  In Judge Shabaz's absence for medical leave, I am handling the motion.

  Defendant believes that if his counsel had objected to the two-level enhancement, Judge Shabaz would not have applied it to his sentence.  He draws this conclusion from the fact that when one of his co-conspirators, Jeffrey McReynolds, was sentenced later and objected to the enhancement, the probation office recommended against applying it.  The

1

result was that Judge Shabaz followed the recommendation and placed McReynolds an offense level than defendant's. Defendant maintains that the judge would have done the same for him had his counsel only raised the issue.

Defendant leaves out certain critical facts from his argument. For example, he does not say that the firearm was seized from an apartment that he and another co-defendant, Wilfred Trice, used for storing cocaine, drug paraphernalia, drug notes, plastic baggies, a Jennings 9mm handgun, ammunition clip and 50 rounds of 9 mm ammunition. To the contrary, he states in his motion that the firearm that led to the enhancement "was seized in an apartment belonging to co-defendant Wilfred Trice," Dft.'s Mot., dkt. #88, at 10, and fails to mention that he was a co-tenant, if not the primary tenant of the same apartment. He does not mention that when the police executed a warrant for the search of the apartment, they gained entry by using a key they had seized from defendant the day before. He omits any reference to the confidential informant who told the police that defendant was staying at the apartment to coordinate the drug trafficking activities in the Madison area and that Trice joined him there frequently.

Defendant acknowledges in his motion that it was appropriate for the court to enhance Trice's sentence on the ground that the firearm was found in Trice's apartment. If so, it was equally appropriate for Judge Shabaz to enhance defendant's offense for the same firearm; the apartment "belonged" to defendant as much as it did to Trice.

2

On the other hand, nothing in the record suggests that McReynolds was a third tenant of the apartment at the time the gun and ammunition were seized. Therefore, proving that he knew that his co-defendants had a gun there would have been far more difficult, particularly in light of the evidence tending to show that McReynolds's active involvement in the conspiracy did not begin until some time after the execution of the search warrant.

Defendant's counsel's failure to raise a baseless and futile objection was an act of good judgment, not ineffectiveness. Not only would it have been a waste of counsel's time and the court's to raise futile challenges, doing so would have run the risk of forfeiting defendant's three-level downward adjustment for acceptance of responsibility.

I conclude that defendant has shown no reason to find his attorney ineffective in her representation of him at sentencing. Defendant has asked in his motion for appointment of counsel and for an evidentiary hearing. In light of the disposition of his motion, these requests are moot.

ORDER

IT IS ORDERED that defendant Jabar R. Smith's motion for postconviction relief, filed under 28 U.S.C. § 2255, dkt. #88, is DENIED. FURTHER, IT IS ORDERED that his

requests for appointment of counsel and for an evidentiary hearing are DENIED as moot.

Entered this 6th day of August, 2008.

                                       BY THE COURT:
                                       /s/
                                       BARBARA B. CRABB
                                       District Judge